# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE HARRINGTON,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br>GEORGE NEOTTI, Warden,<br><br>　　　　　　　　　　Respondent. | CASE NO. 11-CV-02016-H (MDD)<br><br>**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

On August 31, 2011, Steve Harrington ("Petitioner"), a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction for first degree residential burglary on the grounds that jury misconduct denied Petitioner due process and a fair trial. (Doc. No. 1 at 6.) On January 24, 2012, George Neotti ("Respondent") filed a response in opposition. (Doc. No. 7.) On March 6, 2012, Petitioner filed a traverse to the petition for writ of habeas corpus. (Doc. No. 9.) On July 25, 2012, the magistrate judge issued a report and recommendation to deny the petition. (Doc. No. 12.) On August 16, 2012, Petitioner filed an objection to the magistrate judge's report and recommendation. (Doc. No. 14.) For the following reasons, the Court denies petition for writ of habeas corpus.

/ / /

/ / /

# **BACKGROUND**

The following facts are taken from the California Court of Appeals decision in <u>People v. Harrington</u>, No. D056964, 2011 WL 884007 (Cal. Ct. App. March 15, 2011). (Lodgment No. 6.) The facts are presumed to be correct pursuant to 28 U.S.C. § 2254(e)(1):

## FACTUAL BACKGROUND

On October 24, 2008, someone kicked in the door of a residence, entered the home, rummaged through a few rooms and left with a backpack and numerous valuables. One of the home's occupants was present during the burglary. She ran to a neighbor's house and called the police. The police arrested Harrington nearby. Harrington had the backpack and the other stolen items in his possession. The pattern on the soles of his shoes matched the mark on the door that was kicked in.

## PERTINENT PROCEDURAL BACKGROUND

Before the jury entered the courtroom on the second day of trial during the People's case, the deputy district attorney stated that "one of the jurors . . . appear[ed] to be sleeping through some of the testimony" and "was sleeping during my opening statement." The deputy district attorney concluded, "[a]nd I just have some concerns about him missing critical parts of witness testimony because of that . . . . Just thought it would be important to put that on the record in case it becomes a problem and he's missing much of the trial."

The court replied, "I did notice yesterday Juror Number 7 appeared to have his head down. And I couldn't tell for sure initially when I was looking at him whether his eyes were closed or not. He at some points appeared to be looking down at his notebook, and at other times did appear as if he might be sleeping. I did start to watch him. And there were times when I was watching him, he then would look up. So I actually couldn't tell for sure whether he was sleeping or not. [¶] But . . . I do agree with you there is that possibility. So I am happy to keep a very close eye on him again today, and certainly both sides can, too, as well."

The court asked the deputy district attorney and Harrington, who was representing himself, whether they wished the court to take any further action. Both said no. The court then asked Harrington, "You're in agreement we should just continue to watch him today and make sure that he's staying awake?" Harrington replied, "Yes, ma'am . . . . [E]very time I looked over there . . . he seemed awake to me. I haven't seen him . . . asleep or nothing of that nature . . . . He wasn't doing no more than what the rest of the jurors were doing . . . ."

When the jury reentered the courtroom, the court said, "I did want to make a comment to you all about the importance of staying awake during testimony. I know that sometimes that's difficult for some people, especially in the afternoon after you've had a nice big lunch. That can cause a problem to anyone under any circumstance. [¶] But I want to emphasize the importance of, obviously, I think it's obvious, staying awake and paying attention to the evidence. And if you feel yourself nodding off, sometimes I don't see it, I don't notice it, but you're the one that's going to notice if you're nodding off

or somehow not getting to the point where you're paying attention, let me know. It's your obligation to let me know. And we'll take a break so you can take a stretch, get a cup of coffee."

Later that day, near the beginning of the court's instructions to the jury, the following occurred:

"THE COURT: [¶] . . . [¶] Juror Number 7, are you listening?

"JUROR 7: Yes.

"THE COURT: Okay. You've got your eyes closed. So I can't tell whether you've just got your eyes closed and you're listening or not.

"JUROR 7: No. I'm listening.

"THE COURT: Okay. Thank you, sir."

After the jury returned its verdict, Harrington asked the court to appoint counsel to represent him. The court granted the request. Appointed counsel filed a motion for a new trial. The motion argued the court erred by permitting Harrington to proceed in propria persona after a doubt arose about his competency to represent himself and to enter a valid waiver of his right to counsel. The motion stated that Harrington "didn't notice a sleeping juror" but made no other mention of the matter.

Petitioner appealed the conviction to the California Court of Appeal on the grounds of alleged juror misconduct. On March 15, 2011, the appellate court issued a decision affirming the Petitioner's conviction. See Harrington, 2011 WL 884007, at *1. On May 18, 2011, the California Supreme Court denied the petition for review of the appellate court's decision. People v. Harrington, No. S191576, 2011 Cal. LEXIS 5220 (Cal. S. Ct. May 18, 2011).

On August 31, 2011, Petitioner filed a habeas corpus petition in this Court. (Doc. No. 1.) Petitioner did not file a state petition for habeas corpus in the California courts. (Doc. No. 1 at 3.) Petitioner alleges that he is entitled to relief based on juror misconduct. (Doc. No. 1 at 6.)

## DISCUSSION

**I.    Standard of Review**

A petitioner in state custody pursuant to the judgment of a state court may challenge his detention only on the grounds that his custody is in violation of the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a). The Anti-Terrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended at 28 U.S.C. § 2254(d)), applies to § 2254 habeas corpus petitions filed after 1996. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Pursuant to AEDPA, when a petitioner does not challenge a state court's determination of the evidence, a § 2254 habeas corpus petition must not be granted with respect to any claim adjudicated on the merits by a state court, unless the adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A state court's adjudication cannot be deemed contrary to, or an unreasonable application of, clearly established Supreme Court precedent if there is no Supreme Court decision that "squarely addresses the issue" before the state court or "clearly extends" an applicable principle to the case before the federal court. Moses v. Payne, 555 F.3d 742, 760 (9th Cir. 2009) (citing Wright v. Van Patten, 522 U.S. 120 (2008) and Panetti v. Quaterman, 551 U.S. 930 (2007)). To be an unreasonable application of federal law, the state court decision must be more than incorrect or erroneous; it must be objectively unreasonable. Lockyear, 538 U.S. 63, 75 (2003).

Absent clear and convincing evidence to the contrary, a federal court must presume that the factual findings of the state court are correct. 28 U.S.C. § 2254(e)(1). Conclusory assertions will not suffice to overcome the presumption. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The state court's decision will not be "overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Id.

When there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision. Y1st v. Nunnemaker, 501 U.S. 797, 801-06 (1991). When the state court does not supply reasoning for its decision, an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). This independent review is not *de novo*; the federal court defers to the state court's ultimate

decision. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

**II.    Juror Misconduct**

Petitioner argues that he is entitled to relief from his conviction based on a statement made by the prosecutor to the court that he believed one of the jurors was sleeping through some of the proceedings and testimony. (Doc. No. 1 at 6.) At the time of the trial, Petitioner did not "see[] [Juror No. 7] . . . asleep or nothing [sic] of that nature . . . ." (Lodgment 6 at 3.) Petitioner agreed with the court that they would continue to watch the juror to see if he falls asleep; Petitioner did not request the court to take further action. (Lodgment 6 at 3.) Petitioner alleged the misconduct denied him due process and a fair jury. (Doc. No. 1 at 6.) Petitioner unsuccessfully raised the juror issue on direct appeal. The Court of Appeal concluded that "the record does not demonstrate that Juror No. 7 slept at all." (Lodgment 6 at 5.)

    **A.    Unreasonable Determination of the Facts**

A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340. Such factual determinations are governed by section 2254(e)(1) and are presumed to be correct absent clear and convincing proof to the contrary. Id.

Petitioner has failed to provide clear and convincing evidence contrary to the state court's factual findings. The record indicates that the court monitored Juror No. 7 immediately after the prosecutor brought his concerns to the court's attention, and the judge welcomed both sides to monitor the jury as well. (Lodgment 6 at 2-3.) When addressed, Juror No. 7 responded. Although "eye closures, head nodding, and slumping in one's chair" may evidence sleeping, Boeken v. Phillip Morris, Inc., 122 Cal. App. 4th 684, 703 (2004), the court found no indication that Juror No. 7 was in fact asleep during the trial. Petitioner, proceeding *pro se*, stated that it did not appear that the juror was asleep and stated that "[h]e wasn't doing no more [sic] than what the rest of the jurors were doing . . . ." (Lodgment 6 at 3.) Based on the record, the California Court of Appeal found no convincing proof in the record to indicate that the juror actually fell asleep. (Lodgment 6 at 5.)

Petitioner has provided no new evidence showing that Juror No. 7 was in fact sleeping or being inattentive. Absent such a showing, the findings made in the state court concerning the juror's ability to serve are presumed correct. 28 U.S.C. § 2254(e)(1). Accordingly, the California Court of Appeal's rejection was not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1).

### B.  Unreasonable Application of Federal Precedent

Absent clearly established Supreme Court case law, Juror No. 7's alleged inattentiveness is not an automatic constitutional violation. Fletcher v. Hartley, 2011 U.S. Dist. LEXIS 52158, at *22 (D. Colo., May 16, 2011). In Tanner v. United States, 483 U.S. 107 (1987), the Court held that the Sixth Amendment did not compel a post-verdict evidentiary hearing be held to investigate claims of jury misconduct because the interests of the defendant are protected by other aspects of the trial process, including the parties' ability to observe the jury and report specific misconduct. Id. at 127.

Moreover, Petitioner is only entitled to habeas relief if he shows that the alleged jury misconduct "had [a] substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). To determine prejudice, courts have looked to whether the district court was made aware of sleeping jurors, what actions the court took in response, and whether the court determined that the juror was in fact asleep and inattentive. United States v. McKeighan, 685 F.3d 956, 974 (10th Cir. 2012). For example, in McKeighan, the court agreed to watch the jury after both parties alleged jurors were sleeping. Id. The defendant did not request additional measures and the trial record did not establish that any jurors were in fact sleeping. Id. at 975. The court held that the allegations of inattentive jurors were too vague to support a finding of prejudice. Id. at 975. Other circuits that have faced similar facts have also concluded that the defendant failed to establish prejudice. See United States v. Fernández-Hernández, 652 F.3d 56, 74-75 (1st Cir. 2011); United States v. Freitag, 230 F.3d 1019, 1023-24 (7th Cir. 2000). Here, Petitioner fails to show prejudice.

///

Petitioner additionally fails to meet the California standard for jury misconduct. "The decision whether to investigate the possibility of juror . . . misconduct . . . rests within the sound discretion of the trial court." People v. Ray, 13 Cal. 4th 313, 343 (1996). "[J]uror inattentiveness may constitute misconduct . . . ." People v. Bradford, 15 Cal. 4th 1229, 1349 (1997). "[However] the mere suggestion of juror inattention does not require a formal hearing . . . ." People v. Espinoza, 3 Cal. 4th 806, 821 (1992). In Petitioner's case, the California Court of Appeal reasonably found that there was no proof that the juror was asleep during the trial. Based on this finding, the alleged misconduct failed to approach the level of misconduct required for the California standard of presumption of prejudice. (Lodgment No. 6 at 5.)

Accordingly, the California Court of Appeal's rejection was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(2).

## CONCLUSION

Based on the foregoing, the Court denies Petitioner's petition for writ of habeas corpus.

**IT IS SO ORDERED**.

DATED: September 13, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT